# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILDARDO GERMAN PATT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1101-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gildardo German Patt pleaded guilty to being found in the United States after previous deportation and was sentenced within the sentencing guidelines range to 46 months of imprisonment, with no supervised release term. Patt argues that the sentence was substantively unreasonable because it overrepresented his criminal history and did not adequately take into account the remaining 18 U.S.C. § 3553(a) factors or his arguments that he returned

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40712

to the United States to be with his children and that a long period of time had passed since the imposition of a sentence for illegal reentry in 2002.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). If a defendant fails to object to the reasonableness of a sentence, it is reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Although the parties dispute whether plain-error review applies, we need not decide this issue because Patt's substantive reasonableness challenge fails even under the abuse-of-discretion standard of review.

The record establishes that the district court considered Patt's reason for returning to the United States after deportation, as well as his criminal history and whether it was overrepresented. His disagreement with the propriety of his within-guidelines sentence does not rebut the presumption that his sentence was reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He has not shown that his sentence "does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Thus, he has failed to show that the district court committed any error, plain or otherwise.

Accordingly, the district court's judgment is AFFIRMED.